IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.  4:15CR00095 - KGB |
| | ) | |
| TERENCE GORDON | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO GORDON'S
MOTION FOR RECONSIDERATION OF BOND**

1. Gordon has filed a pleading styled "Motion for Reconsideration of Bond." For reasons discussed below, the motion is not one for reconsideration for bond, which is a misnomer. In fact, because this Court issued its most recent bond order on November 6, 2015 and the order became final because it was not appealed, this is a motion to reopen the bond hearing pursuant to Title 18, United States Code, Section 3142 (f). For purposes of responding to Gordon's motion, these portions of the record are relevant:

   a. On September 30, 2015, Gordon appeared before the Honorable Patricia S. Harris and, together with his girlfriend and his mother, made certain representations to the Magistrate Judge that Gordon was living with his father at the father's residence in Iowa and could continue to do so until trial.  Upon information and belief, Gordon represented to the court that he was either employed or had employment available to him in Iowa if he were allowed to return.  Both the Magistrate Judge and counsel for the United States accepted those representations.  Without objection from the United States, the Court issued bond papers placing Gordon on home detention with electronic monitoring at the father's Iowa residence and included an employment provision as an additional condition.  See Docket #19-23.  See also Order, Docket #26.

   b. After the hearing was concluded, it was almost immediately discovered that the

representations made by Gordon and on his behalf were not accurate and Gordon was then detained pending trial with the proviso that Gordon could request the Court to revisit the issue of bond if he were able to make suitable arrangements for release. Docket #25, 26.

c. On October 26, 2015, Gordon's attorney at the time filed a motion for bond hearing. Docket #42.

d. A two hour contested bond hearing was conducted on November 6, 2015 at which time the United States put on testimony and evidence, including photographs and evidence taken from a transcript of Gordon's co-defendant in this matter, his cousin Turod Jacobs, which implicated Gordon in a kidnapping, aggravated assault and theft, the victim of which was a disabled elderly veteran. As the court will recall, there was circumstantial and direct evidence which proved by clear and convincing evidence that the victim was forcibly taken by two black males who had bandana face masks on from his home in Osceola with cuts and later bruising; he was blindfolded and his hands were tied and he was placed in his truck in Osceola and driven from there to Little Rock; while traveling from Osceola, his assailants and kidnappers stopped at an ATM and used his ATM card; he was ultimately found in west Little Rock in the truck; Gordon and at least one other person went to Turod Jacob's apartment carrying a safe that had been stolen from the victim which contained cash and firearms which were removed from the safe after Gordon and Jacobs broke open the safe; and the cash and firearms were distributed among those present, including Jacobs and Gordon who were both felons and who, therefore, could not legally possess the firearms. Jacobs told the interviewing detective that Gordon had described some of the foregoing events to him. Upon information and

     belief, there was additional evidence from the testifying United States Probation Officer that Gordon had been dishonest about his living situation with his supervising state officer. See Docket #46-47.

  e. Upon information and belief, at the November 6, 2015 hearing, Gordon offered the testimony of a relative, and she and possibly other relatives were offered as third party custodians.  Electronic monitoring or home detention as well as employment were proposed.

  f. The Court entered its written Order affirming its oral finding that, based upon the evidence and argument of the parties, there [were]  no conditions or [a] combination of conditions of release to reasonably ensure the safety of the community and remanded Gordon to the custody of the United States Marshal.  Docket#47.

  g. Thereafter, no further action took place concerning the Magistrate Judge's factual findings and legal conclusions.

2. Now, Gordon seeks a reconsideration of his bond conditions citing Title 18, United States Code, Section 3142(g) and arguing that "new information" justifies another court proceeding concerning bond pending trial.  Gordon claims this "new information" includes; A) proposed third party custodians, including his mother and grandmother; B) the same employment in which he was previously engaged in Iowa; C) his demonstration that he is not a flight risk because he has appeared in court when requested and his ability to adhere to strict conditions imposed by the Court; D) his lack of significant problems while detained; E) his lack of previous violent criminal convictions; F) a willingness to be placed on electronic monitoring; and G) testimony from responsible members of the community that he would not pose a danger to the community nor would be a flight risk.

3. It is true that a bond hearing "may" be reopened before or after a bond determination by this Court before trial, but reopening the issue of bond is limited to considering (1) relevant information not known to the movant at the time of the original hearing and then (2) only to information not known to the movant that has a material bearing on the issue as to whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.  See Title 18, United States Code, Section 3142 (f)(B).

4. "As written, the reopening provision is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." *United States v. Pon*, No. 3:14-cr-75-J-39PDB, 2014 WL3340584, at*24 (D. MD Fla.May 29, 2014)(citing *Lederman v. United States*, 539 F.Supp. 2d 1, 2 (D.D.C. 2008).  "Under the provision [of 18 U.S.C. Section 3142(f)(B), reopening is unwarranted if the newly offered evidence was available at the time of the hearing." *Pon* at *24(citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991);(*United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Petters*, Crim. No. 08-364(RHK/AJB), 2009 WL 205188, at *4 (D. Minn.Jan. 28, 2009)(citing *United States v. Archambault*, 240 F. Supp. 2d 1082, 1084 (D.S.D. 2002); *United States v. Havens*, 487 F. Supp.2d 335, 339 (W.D.N.Y. 2007); *United States v. Alonso*, 832 F. Supp. 503, 504-05 (D.P.R. 1993)).  Even then, reopening is discretionary with the court.  *Pon* at *24 (citing *United States v. Watson*, 475 F. App'x 598, 599-600 (6th Cir. 2012).

5. Virtually all of the "new evidence" cited by Gordon is, in fact, not "new evidence" at all.  If

recollection serves the undersigned correctly, both the grandmother in Iowa and Gordon's mother have been previously proposed to the court as third party custodians. Gordon's employment prospects were offered. Short of escape, Gordon's detention assures his court appearance; nothing about the fact that he has been successfully locked up for the last eight months guarantees that he will later show up in court if he is released or that he will not pose a danger to the community in the interim. Similarly, his deportment while in a custodial setting does nothing to guarantee his conduct if not detained. Gordon has previously argued to the court that his lack of violent convictions makes him suitable for release pending trial. But that argument is belied by evidence that the United States put on of violence inflicted on the disabled veteran when he was assaulted, kidnapped and robbed. Moreover, Gordon has already argued that he is a suitable candidate for electronic monitoring and it is the undersigned's recollection that his family member, who previously served in the armed forces, and who testified at the November 6, 2015 bond hearing, testified that she could ensure community safety and his appearance at court proceedings. Virtually every factor that Gordon proposes as "new" was previously proffered to this Court to warrant his release pending trial. If Gordon has comported himself well while detained, which appears to be the only "new information" if true, that is not material to his release in light of the record as a whole.

6. The United States recognizes that Gordon's newly appointed counsel did not participate in the prior proceedings. But the fact remains that the parties have already litigated the propriety of Gordon's release pending trial, that the United States met its burden of proof resulting in an Order which was not appealed, and there is no factual or legal predicate for reopening the proceedings where Gordon offers no new evidence or argument having a

material bearing on the issue of bond.

THEREFORE, for the foregoing reasons and citations to authority, the United States respectfully requests that Gordon's motion be denied.

    Respectfully submitted,

    CHRISTOPHER R. THYER
    UNITED STATES ATTORNEY

    */s/ Angela S. Jegley*
    By:  ANGELA S. JEGLEY
    Bar No. 79100
    P.O. Box 1229
    Little Rock, AR 72203
    Angela.Jegley@usdoj.gov
    501-340-2600

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the attorney for the defendant, Lott Rolfe.

    */s/ Angela S. Jegley*
    Angela S. Jegley