U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
SEP 07 2016
JAMES W. McCORMACK, CLERK
BY:_____ _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:15CR00095-KGB |
| | ) | |
| TERENCE GORDON | ) | |

**PLEA AGREEMENT**

The United States Attorney for the Eastern District of Arkansas, Christopher R. Thyer, by and through Angela Jegley, Assistant United States Attorney, and Terence Gordon, defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above referenced proceedings.

1. **GUILTY PLEA:** The defendant will enter a plea of guilty to knowingly possessing a firearm in and affecting interstate commerce, a violation of Title 18, United States Code, Section 922(g)(1), as set forth in Count 1 of the Indictment. This is a Federal Rule of Criminal Procedure 11(c)(1)(B) plea agreement.

2. **ELEMENTS OF THE CRIME:** The parties agree the elements of the offense to which the defendant will plead guilty are:

    A. Gordon had previously been convicted of a crime punishable by a term of imprisonment for a term exceeding one year as alleged in the indictment;

    B. Gordon thereafter knowingly possessed a firearm as alleged in count 1; and

    C. The firearm was transported across a state line at some time during or before Gordon's possession.

The defendant agrees that he is guilty of the offense charged and each of these elements is true.

3. **PENALTIES:**

A. STATUTORY PENALTIES: The penalty for the charge set forth in Count 1 is not more than 10 years imprisonment, a fine of not more than $250,000, not more than 3 years supervised release, and a $100 special assessment.

B. SUPERVISED RELEASE: Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **WAIVERS**: The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A. The right to appeal or collaterally attack, to the full extent of the law, the conviction and sentence imposed, including any forfeiture or restitution order, as follows:

(1) the defendant waives the right to appeal the conviction and sentence directly under Title 28, United States Code, Section 1291 and/or Title 18, United States Code, Section § 3742(a), including any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct

and the defendant reserves the right to appeal the sentence if the sentence imposed is above the Guideline range that is established at sentencing;

   (2) the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

   (3) the defendant waives the right to collaterally attack the conviction and sentence pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

   (4) the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

   (5) the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

   (6) The defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

  B. The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

  C. The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

  D. The right to confront and cross-examine witnesses;

  E. The right to testify in his own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant;

  F. The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

  5. **STIPULATIONS:** The United States and the defendant stipulate to the following:

  A. The defendant is eligible for a 2 point reduction for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or greater, the determination of whether the defendant is eligible for a third point reduction for acceptance of responsibility will be made by the United States at the time of sentencing

  B. Neither party shall seek a variance from the recommended Guideline range at sentencing.

  C. The defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

  The parties understand that the Court is not bound by these stipulations. The defendant further understands that if the Court does not accept this Plea Agreement, the defendant is not entitled to withdraw the guilty plea or otherwise be released from defendant's obligations under this Agreement and Addendum.

4

6. **SENTENCING GUIDELINES:** It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree that if the guideline range is greater or less than the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

7. **ALLOCUTION:** The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8. **COOPERATION IN THE SENTENCING PROCESS:**

    A. The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

B.     The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

C.     The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

D.     The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9.     **FINANCIAL MATTERS:**

A.     FINANCIAL STATEMENT: The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B.     FINES: The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

C.     SPECIAL PENALTY ASSESSMENT: The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court."

D.     RESTITUTION: The parties also state that restitution is not applicable, and that there are not victims who are due restitution from the defendant.

E.  FINANCIAL INFORMATION: The defendant agrees to fully disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete the financial statement form provided by the United States Attorney's Office for the Eastern District of Arkansas by the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to the United States Attorney's Office for the Eastern District of Arkansas. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. Prior to sentencing, the defendant agrees to notify the Assistant United States Attorney and the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Arkansas before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on him. The defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the defendant's financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

10.  **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Indictment, which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

11.     **RECORDS:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12.     **CIVIL CLAIMS BY THE GOVERNMENT:** Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

13.     **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM**:

A.      Defendant acknowledges and understands that if the defendant violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1)     terminate this Agreement and Addendum; or

(2)     proceed with this Agreement and Addendum and

(a)     deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

(b)     advocate for any sentencing enhancement that may be appropriate.

B.      In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. The

defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

        C.     The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

        D.     In the event that the Agreement and Addendum is terminated or if the defendant successfully moves to withdraw his plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement and Addendum, including this Agreement, the stipulations in paragraph 5 of this Agreement, and the plea colloquy, but excepting statements made pursuant to any proffer agreement entered into between the parties:

        (1)     may be used in the United States' case in chief and to cross examine the defendant should he testify in any subsequent proceeding; and/or

        (2)     any leads derived therefrom may be used by the United States. The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f).

Defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

14. **PARTIES:** This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15. **MISCELLANEOUS:**

    A. MODIFICATION: No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

    B. HEADINGS AND CAPTIONS: Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

    C. WAIVER: No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

    D. RIGHTS AND REMEDIES CUMULATIVE: The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by defendant.

10

   E. JOINT NEGOTIATION: This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arm's length agreements.

  16. **NO OTHER TERMS:** This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

  17. **APPROVALS AND SIGNATURES**:

   A. DEFENDANT: The defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and condition of this Agreement and Addendum. Further, the defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that defendant has entered into this Agreement and Addendum, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding

11

obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his attorney in this case.

  B.  DEFENSE COUNSEL: Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

DATED this **7** day of ~~August~~ September, 2016.

              CHRISTOPHER R. THYER
              United States Attorney

            By: ANGELA S. JEGLEY  Erin O'Leary
            Assistant United States Attorney  2010G9
            Post Office Box 1229
            Little Rock, Arkansas 72203
            (501) 340-2600
            Angela.jegley@usdoj.gov

_____
TERENCE GORDON
Defendant

_____
LOTT ROLFE, IV
Attorney for Defendant

12